**William WALKER, Plaintiff–Appellant,**

v.

**William ROTH, et al. Defendants–
Appellees.**

**Nos. 00–2512, 01–1121, 01–1178, 01–1347.**

United States Court of Appeals,
Sixth Circuit.

Jan. 31, 2002.

Before GUY and CLAY, Circuit Judges;
NUGENT, District Judge.*

*ORDER*

William Walker appeals from several
district court orders following a jury trial
in his civil rights action filed under 42
U.S.C. § 1983. The case has been re-
ferred to a panel of the court pursuant to
Rule 34(j)(1), Rules of the Sixth Circuit.
Upon examination, this panel unanimously

---

* The Honorable Donald C. Nugent, United
States District Judge for the Northern District
of Ohio, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Walker sued Kenneth McGinnis (former director of the Michigan Department of Corrections), Arthur Tessmer (former warden at Standish Maximum Correctional Facility (SMCF)), Robert Kapture (another former warden at SMCF), Sgt. Carol Babcock, and William Roth (prison guard), alleging that the defendants violated his First and Eighth Amendment rights. The court initially dismissed defendant McGinnis from the suit and then, in subsequent orders, the court dismissed Walker's Eighth Amendment claims as to the remaining defendants and his First Amendment claims as to all defendants, except Roth. The case eventually proceeded to trial, and the jury found in favor of Walker and awarded him $1,351. Despite prevailing at trial, Walker has filed four separate appeals from the district court's judgment in his favor and from several post-judgment orders. In his 120–page brief on appeal, Walker argues that: 1) the district court improperly determined that he was no longer entitled to a word processor and unlimited access to his legal materials after the trial; 2) defendant Roth abused his power; 3) the district court improperly dismissed a retaliation claim against Roth for filing a major misconduct report against him; 4) the district court improperly dismissed his Eighth Amendment claims; 5) the district court improperly dismissed defendants McGinnis and Kapture from the suit; 6) the district court improperly denied his motion for costs; 7) 28 U.S.C. § 1821(f) is unconstitutional; 8) the district court improperly refused to consider claims Walker attempted to bring on behalf of a prisoner witness; 9) the district court did not require the defendants to follow its orders; 10) the district court improperly denied his motion to amend the complaint; and 11) the district court improperly allowed Walker to appear in his prison clothes at trial.

■ Upon review, we conclude that the district court improperly denied Walker's motion for costs. This court reviews a district court's decision concerning taxation of costs for an abuse of discretion. *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir.1999). Costs other than attorney's fees shall be allowed as a matter of course to the prevailing party unless the court directs otherwise. Fed.R.Civ.P. 54(d). This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court; however, the exercise of such discretion is not beyond review. *Soberay Mach. & Equip. Co.*, 181 F.3d at 770. A district court abuses its discretion if it fails to apply the criteria established by this court for reviewing a cost motion. *See Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir.2001).

This issue must be remanded to the district court because it is not clear from the record if the court abused its discretion. In his motion for costs, Walker requested that thousands of dollars in costs for copying, postage, and filing fees be taxed against the defendants. While this request appears excessive, 28 U.S.C. § 1920(4) does provide that the court may tax as costs fees for copies of papers necessary for use in the case. However, the district court merely denied the motion in a one-page order, noting that Walker was "not entitled to any of the costs he seeks." The order does not set forth the court's reasoning for this conclusion. When the district court fails to provide the rationale for its conclusion, it is impossible for this court to determine whether the court abused its discretion in denying Walker's cost motion, especially in light of the pre-

sumption in favor of awarding costs. *See Phipps v. King,* 866 F.2d 824, 825 (6th Cir.1988).

We have reviewed Walker's remaining arguments and conclude that they are without merit.

Accordingly, this court vacates the district court's order denying Walker's motion to tax costs and remands the case for further proceedings on this issue; this court affirms the district court's judgment in all other respects. Rule 34(j)(2)(C), Rules of the Sixth Circuit.